United States District Court
Southern District of Texas
**ENTERED**
September 28, 2026
Nathan Ochsner, Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

AMANDA DAVIS, §
Plaintiff, §
§
§
v. § Civil Action No. H-26-4106
§
ROSHAN PATEL, §
§
Defendant. §

ORDER

Pending before the court is Roshan Patel's Motion to Dismiss Plaintiff's Complaint (Document No. 12). Having considered the motion, submissions, and applicable law, the Court determines that the motion should be granted.

I. BACKGROUND

This is a matter involving alleged discrimination and negligence. Plaintiff contends that Defendant Roshan Patel is the owner of Extended Stay America located at 1303 La Concha Lane, Houston, Texas. Plaintiff further contends that she was "put in a room filled with mold" and that "[t]he hotel flooded" damaging her clothes.[1]

Based on the foregoing, on May 22, 2026, Plaintiff filed suit in this Court, pursuant to federal question jurisdiction, asserting claims for gender discrimination

[1] *Plaintiff's Complaint*, Document No. 1 at 4.

and negligence and seeking damages in the amount of $800,000,000.[2] On August 5, 2026, Defendant moved to dismiss Plaintiff's claims for failure to state a claim upon which relief can be granted.[3] Plaintiff has not responded to Defendant's motion to dismiss either by the date required under the Federal Rules of Civil Procedure or by the date of this Order.

## II. STANDARD OF REVIEW

Rule 12(b)(6) allows dismissal if a plaintiff fails "to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). Under Rule 8(a)(2), a pleading must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Although "the pleading standard Rule 8 announces does not require 'detailed factual allegations,' . . . it demands more than . . . 'labels and conclusions.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). "[A] formulaic recitation of the elements of a cause of action will not do." *Id.* (quoting *Twombly*, 550 U.S. at 555).

In deciding a Rule 12(b)(6) motion to dismiss for failure to state a claim, "[t]he 'court accepts all well-pleaded facts as true, viewing them in the light most favorable to the plaintiff.'" *In re Katrina Canal Breaches Litigation*, 495 F.3d 191, 205 (5th Cir. 2007) (quoting *Martin K. Eby Constr. Co. v. Dall. Area Rapid Transit*, 369 F.3d

[2] *See Plaintiff's Complaint*, Document No. 1 at 3, 4.

[3] *See Defendant Roshan Patel's Motion to Dismiss Plaintiff's Complaint*, Document No. 12 at 1.

464, 467 (5th Cir. 2004)). To survive the motion, a plaintiff must plead "enough facts to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570. "Conversely, 'when the allegations in a complaint, however true, could not raise a claim of entitlement to relief, this basic deficiency should . . . be exposed at the point of minimum expenditure of time and money by the parties and the court.'" *Cuvillier v. Taylor*, 503 F.3d 397, 401 (5th Cir. 2007) (quoting *Twombly*, 550 U.S. at 558).

## III. LAW & ANALYSIS

Defendant moves to dismiss Plaintiff's claims, contending that Plaintiff fails to state a claim upon which relief can be granted. Plaintiff did not respond to Defendant's motion to dismiss, failing to rebut or offer evidence to counter Defendant's contentions. Pursuant to Local Rule 7.4, failure to respond is taken as a representation of no opposition. S.D. Tex. Local R. 7.4. Regardless of Plaintiff's failure to respond to the pending motion to dismiss, the Court will consider, in turn, the merits of Plaintiff's claims against Defendant. The Court construes all *pro se* filings liberally. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007).

### *1. Plaintiff's Discrimination Claim*

Plaintiff's first claim against Defendant reads as follows: "(1) I was discriminated against because I'm a woman."[4] Defendant moves to dismiss this claim contending that Plaintiff "fails to state a claim upon which relief can be granted

---

[4] *Plaintiff's Complaint*, Document No. 1 at 3.

and should be dismissed under Rule 12(b)(6)."[5] Plaintiff offers no rebuttal. The Court notes that Plaintiff cites no statute in support of her alleged discrimination claim. As such, the Court, as well as Defendant in this matter, have no way of knowing under what statute Plaintiff intends to proceed. Nonetheless, the Court construes *pro se* filings liberally and will consider Plaintiff's discrimination claim under the Civil Rights Act and the Fair Housing Act.

*A. Discrimination Under the Civil Rights Act*

The Court will first consider Plaintiff's discrimination claim as a claim brought under Title II of the Civil Rights Act. The Civil Rights Act provides, in relevant part, that "[a]ll persons shall be entitled to . . . accommodations of any place of public accommodation . . . without discrimination or segregation on the grounds of race, color, religion, or national origin." 42 U.S.C. § 2000a.

Here, Defendant contends that the statute "prohibits discrimination in places of public accommodation only on the basis of race, color, religion, or national origin, and it does not reach sex discrimination at all."[6] Plaintiff offers no rebuttal. Based on the foregoing, and the clear language of the statute, the Court finds that the Civil Rights Act is inapplicable to this matter. As such, to the extent Plaintiff's

---

[5] *Defendant Roshan Patel's Motion to Dismiss Plaintiff's Complaint*, Document No. 12 at 2.

[6] *Defendant Roshan Patel's Motion to Dismiss Plaintiff's Complaint*, Document No. 12 at 2–3.

discrimination claim arises under the Civil Rights Act, the Court finds that it fails to state a claim upon which relief can be granted. The Court will now consider Plaintiff's discrimination claim under the Fair Housing Act.

*B. Discrimination Under the Fair Housing Act*

To the extent that Plaintiff is bringing a claim for discrimination under the Fair Housing Act, Defendant contends that "the claim still fails *Twombly* and *Iqbal*."[7] Plaintiff offers no rebuttal.

The Fair Housing Act makes it unlawful, in relevant part, "[t]o discriminate against any person in the terms, conditions, or privileges of sale or rental of a dwelling, or in the provision of services or facilities in connection therewith, because of race, color, religion, sex, familial status, or national origin." 42 U.S.C. § 3604(b).

Here, in relation to discrimination, Plaintiff alleges merely that "I was discriminated against because I'm a woman."[8] Defendant contends that "[t]he Complaint alleges no facts connecting Plaintiff's sex to any of the conditions of which she complains" and that Plaintiff's conclusory allegation is "unaccompanied by any factual allegation of disparate or discriminatory treatment."[9] Plaintiff offers

---

[7] *Defendant Roshan Patel's Motion to Dismiss Plaintiff's Complaint*, Document No. 12 at 3.

[8] *Plaintiff's Complaint*, Document No. 1 at 3.

[9] *Defendant Roshan Patel's Motion to Dismiss Plaintiff's Complaint*, Document No. 12 at 3.

no rebuttal. Based on the foregoing, and having reviewed Plaintiff's Complaint in this matter, the Court finds that Plaintiff's conclusory allegation that she was discriminated against is insufficient to state a claim for discrimination under the Fair Housing Act. Lastly, to the extent Plaintiff intends to bring her discrimination claim under some other statute, the Court notes Plaintiff's failure to plead what section or statute or claim arises under. Accordingly, the Court finds that Defendant's motion should be granted with respect to Plaintiff's discrimination claim. The Court will now consider Defendant's motion as it relates to Plaintiff's negligence claim.

*2. Plaintiff's Negligence Claim*

Defendant contends that "[t]he negligence and property-damage claims independently fail to state a claim."[10] Plaintiff offers no rebuttal. To succeed on a negligence claim under Texas law, a claimant must "establish a duty, a breach of that duty, and damages proximately caused by the breach." *Kroger Co. v. Elwood*, 197 S.W.3d 793, 794 (Tex. 2006) (citing *Werner v. Colwell*, 909 S.W.3d 866, 869 (Tex. 1995) (citation omitted)).

Here, Defendant contends that "[t]he Complaint alleges no facts establishing that Mr. Patel owed Plaintiff a specific duty, breached that duty through any identified act or omission, or that any such breach, as opposed to an ordinary

[10] *Defendant Roshan Patel's Motion to Dismiss Plaintiff's Complaint*, Document No. 12 at 3.

plumbing failure, proximately caused Plaintiff's alleged damages."[11] Defendant further contends that "[n]owhere does the Complaint allege that Mr. Patel knew or should have known of any hazardous condition, failed to inspect or maintain the property, or otherwise acted unreasonably."[12] Plaintiff offers no rebuttal.

Having reviewed Plaintiff's Complaint, in detail, the Court notes that the only fact provided to suggest that Defendant was negligent is that Plaintiff "was put in a room filled with mold [sic] I made them aware they did not move my room until 2 days later."[13] The Court finds that this conclusory allegation is insufficient to state a claim for negligence and that Plaintiff has failed to plead sufficient facts showing a duty, breach, or causation. Based on the foregoing, and Plaintiff's failure to offer any rebuttal, the Court finds that Plaintiff's negligence claim fails to state a claim upon which relief can be granted, and thus, that Defendant's motion should be granted.

[11] *Defendant Roshan Patel's Motion to Dismiss Plaintiff's Complaint*, Document No. 12 at 3–4.

[12] *Defendant Roshan Patel's Motion to Dismiss Plaintiff's Complaint*, Document No. 12 at 4.

[13] *Plaintiff's Complaint*, Document No. 1 at 4.

IV. CONCLUSION

Based on the foregoing, the Court hereby

**ORDERS** that Roshan Patel's Motion to Dismiss Plaintiff's Complaint (Document No. 12) is **GRANTED**. The Court further

**ORDERS** that Plaintiff's claims against Defendant Roshan Patel are hereby **DISMISSED**.

SIGNED at Houston, Texas, on this 27 day of September, 2026.

DAVID HITTNER
United States District Judge